IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:    RICHARD D. PASCHALL,                 Case No. 07-32048
                                                                                          Chapter 7

              Debtor.

ROY M. TERRY, JR., Chapter 7 Trustee,

              Plaintiff,

v.                                                                                                                Adv. Proc. No. 08-03049

RICHARD D. PASCHALL,
DEBORAH J. PRUNTY (f/k/a Deborah P. Paschall) and
THE DEBORAH J. PRUNTY LIVING TRUST,

              Defendants.

## **ORDER**

Before the Court are the cross-motions of Roy M. Terry, Jr. (the "Trustee") and Deborah J. Prunty ("Prunty")[1] (together the "Parties") for summary judgment. The question presented by the cross-motions is whether the Trustee can avoid the transfer of two parcels of real property from Richard D. Paschall (the "Debtor") and Prunty as tenants by the entirety to one of the defendants, The Deborah J. Prunty Living Trust dated June 26, 2002 (the "Trust"), under 11 U.S.C. § 547. Hearing was conducted on January 8, 2009 (the "Hearing"), at which counsel for the Trustee and counsel for Prunty and the Trust presented argument on the cross-motions for summary judgment. At the conclusion of the Hearing, the Court announced its decision to grant

---

[1] Prunty was formerly known as Deborah P. Paschall while she was married to Richard D. Paschall, the Debtor.

summary judgment in favor of all three of the Defendants[2] on Counts II, III and IV of the Complaint filed by the Trustee (the "Complaint"). The Court took under advisement the cross-motions for summary judgment with regard to Counts I (§ 547 Avoidable Preferences), Count V (§ 550 Transferee Liability), and Count VI (§ 363(h) Sale of Co-owned Properties) of the Complaint.

As set forth in the Memorandum Opinion accompanying this Order, the Court found that there were no material facts in dispute as to Count I and Count V, and further that there were material facts in dispute as to Count VI. For the reasons set forth in the Memorandum Opinion, the Court found that the Trustee is entitled to summary judgment on Count I and Count V, and therefore that Prunty's cross-motion for summary judgment on Count I and Count V should be denied. Finally, as there are material facts I in dispute as to Count VI, both the Trustee's and Prunty's motions for summary judgment as to Count VI should be denied.

Accordingly, it is

ORDERED that the Trustee's Motion for Summary Judgment as to Count I is GRANTED; it is further

ORDERED that Prunty's Motion for Summary Judgment as to Count II, Count III and Count IV is GRANTED; it is further

ORDERED that the Trustee's Motion for Summary Judgment as to Count V is GRANTED; it is further

ORDERED that the Trustee's Motion for Summary Judgment as to Count VI is DENIED; and it is further

---

[2] The Debtor is a co-defendant who appeared and participated at the Hearing *pro se*. The Court finds that no interest of the Debtor is affected or otherwise involved in connection with the relief afforded herein.

2

ORDERED that Prunty's Motion for Summary Judgment as to Count I, Count V, and Count VI is DENIED.

Entered: _____

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

**Roy M. Terry, Jr.**
P.O. Box 2188
Richmond, VA  23218-2188

**John C. Smith**
DurretteBradshaw, PLC
600 East Main Street, 20th Floor
Richmond, VA  23219

**Richard D. Paschall**
11603 Locust View Court
Louisville, KY  40299

**Ann M. Callaway**
Ann M. Callaway, P.C.
15 Garrett St.
Warrenton, VA  20186